Considered by MARQUETTE and PHILLIPS.

———

BRILLO MANUFACTURING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6868. Promulgated December 19, 1927.

*William D. Harris, Esq.*, for the petitioner.
*J. D. Foley, Esq.*, for the respondent.

664

OPINION.

VAN FOSSAN: The petitioner alleged that it acquired patents, trade-marks and good will of the value of $45,000 for capital stock, and that one-fourth thereof, $11,250, is allowable as invested capital. The respondent denied that the patents, trade-marks and good will acquired for capital stock had any value at the time of acquisition. No proof of the value of these intangibles having been offered by the petitioner, we must hold that the respondent did not err in excluding the same from invested capital. Intangibles may not be included as a part of invested capital in excess of their actual cash value at the time bona fide paid in for stock, and are subject to the limitations contained in section 326(a) (4) and (5), Revenue Act of 1921.

The petitioner further alleges that it sold preferred stock at a discount of $21,610, which it was obligated to retire by 1930, and that a proportionate part thereof, $2,161, is deductible from its income for the taxable year as expense. The respondent denied that the petitioner was obligated to retire its preferred stock by 1930, and petitioner offered no proof in support of its allegation. On this issue, also, petitioner fails to establish error.

*Judgment will be entered for the respondent.*

Considered by MARQUETTE and PHILLIPS.